## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JANE DOE, by and through her<br>Next Friends and Parents Karen Mendoza<br>and Michael Mendoza, | §<br>§<br>§<br>§ | |
| Plaintiff, | §<br>§ | |
| VS. | §<br>§ | CAUSE NO. _____ |
| WHARTON INDEPENDENT SCHOOL<br>DISTRICT, | §<br>§<br>§ | |
| Defendant. | §<br>§ | |

### PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Jane Doe, by and through her Next Friends and Parents Karen Mendoza and Michael Mendoza, hereinafter referred to as Plaintiff, complaining of and about Wharton Independent School District, hereinafter referred to as Defendant, and for cause of action would show unto the Court the following:

### NATURE OF COMPLAINT

1.      This is a sexual assault and molestation action for money damages brought by Karen Mendoza and Michael Mendoza as Next Friends and Parents of Jane Doe, a Minor, arising from violations of her federal civil rights and Texas law.

2.      Plaintiff is a victim of Jason Toney, who served as a Band Director and licensed Teacher for Defendant at Wharton Junior High School and then as a Band Director and licensed Teacher at Wharton High School.  In 2015, Jason Toney was indicted on charges of sexual assault of a child and an improper relationship between an educator and a student.  Within weeks of the indictment, Jason Toney plead guilty and is now serving a prison sentence in the Texas

Department of Criminal Justice. At all relevant times, Plaintiff was a Minor child and a student at Wharton Junior High School and then Wharton High School.

      3.     Plaintiff seeks monetary damages for the harm brought by the abuse by Jason Toney, as well as for Defendant's unconscionable failure to take reasonable steps to prevent it. Defendant had actual knowledge of Jason Toney's abuses, yet not only failed to address them, but was deliberately indifferent to, and actively endeavored to conceal them, thereby enabling Jason Toney to continue his predatory sexual behavior over the course of several years.

## JURISDICTION AND VENUE

      4.     This action is brought pursuant to 42 U.S.C. §1983 and Title IX of the Education Amendments of 1972, 20 U.S.C. §1681, *et. seq.*, hereinafter referred to as Title IX. This Court has original subject matter jurisdiction on the federal questions presented pursuant to 28 U.S.C. §1331. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367(a) to hear and decide Plaintiff's claims arising under state law because such claims are so related to the federal claims that all such claims form part of the same case or controversy under Article III of the United States Constitution.

      5.     Venue is proper in this Court and Division pursuant to 28 U.S.C. §1391 as the acts and omissions giving rise to Plaintiff's claims occurred in the Wharton County, Texas which is located within the Southern District of Texas.

## PARTIES

      6.     Plaintiff Jane Doe is a minor child and a resident and citizen of the City of Wharton, Wharton County, Texas.

      7.     Defendant Wharton Independent School District is a school district organized under the laws of the State of Texas to govern, manage and control various public schools

including both Wharton Junior High School and Wharton High School. Defendant Wharton Independent School District is responsible for the policies, practices and customs of its school district, as well as the acts and/or omissions of its Principals, Assistant Principals and Teachers including, but not limited to, Mark Anglin, Patrick Parsons and Jason Toney. Defendant Wharton Independent School District can be served with process by serving its Superintendent Tina Herrington at 2100 N. Fulton St., Wharton, Texas 77488.

## FACTS

8.      Plaintiff, a Minor, is a student at Wharton High School, a school operated and under the governance of Defendant.   Texas Family Code §101.003 defines a Minor as anyone under the age of eighteen (18) not otherwise married or having his or her disability of being a Minor removed.  At all times relevant to this suit, Plaintiff was a Minor.

9.      Plaintiff was in the eighth grade at Wharton Junior High School during the 2012-2013 school year.

10.      Jason Toney was the Band Director at Wharton Junior High School during the 2012-2013 school year.

11.      During the 2012-2013 school year, Jason Toney began grooming Plaintiff for future sexual abuse through frequent one-on-one discussions.

12.      Plaintiff was a student aid during the 2012-2013 school year and assigned to work in the Wharton Junior High School Office. During that time, Jason Toney escalated his grooming of Plaintiff by repeatedly "appearing" in the school office during Plaintiff's work hours, engaging Plaintiff in private, whispered conversations and by instructing Plaintiff not to reveal any of the substance of his conversations with her because they were "private" – all in the immediate presence of school officials.

3

13.     Wharton Junior High School officials were further made aware that the relationship between Jason Toney and Plaintiff had developed into an inappropriate relationship when school officials noticed on multiple occasions that Plaintiff was missing from her station and instead, found outside visiting with Jason Toney.

14.     Wharton Junior High School officials also noticed an increase in the frequency and length of contacts between Jason Toney and Plaintiff.

15.     During the 2012-2013 school year, Patrick Parsons was the Assistant Principal at Wharton Junior High School.

16.     During the 2012-2013 school year, Mark Anglin was the Principal at Wharton Junior High School.

17.     Both Patrick Parsons and Mark Anglin had actual knowledge of the relationship between Jason Toney and Plaintiff.  Mark Anglin as Principal of Wharton Junior High School at all relevant times, was a school district official who had the authority to address harassment allegations by employees on Wharton Independent School District's behalf and to take corrective measures to address the harassment and abuse at the Junior High level.  Despite having this actual credible knowledge, Wharton Independent School District officials failed to take appropriate action to properly report or further investigate the relationship between Jason Toney and Plaintiff as required by law.

18.     Plaintiff was in the ninth grade – a freshman – at Wharton High School during the 2013-2014 school year.

19.     Amazingly, as Plaintiff transitioned from Wharton Junior High School to Wharton High School for her ninth grade year, Defendant also transitioned Jason Toney from his position at Wharton Junior High School to a new position as Band Director at Wharton High

4

School for the 2013-2014 school year.  Defendant moved Jason Toney to his new position at Wharton High School despite having actual knowledge of his inappropriate contact and relationship with Plaintiff.

20.     During the 2013-2014 school year, Plaintiff was in the band at Wharton High School and a cheerleader for Wharton High School.  During this time, Jason Toney was the Wharton High School Band Director.

21.     As Band Director for Wharton High School, Jason Toney was again under the supervision and direction of the Principal of Wharton High School – Mark Anglin, who also transitioned from Wharton Junior High School to Wharton High School for the 2013-2014 school year.

22.     At all relevant times, Mark Anglin as Principal of Wharton High School was a school district official who had the authority to address allegations and concerns of sexual harassment by Wharton High School employees on Wharton Independent School District's behalf and to take corrective measures to address the harassment and abuse that took place at the High School level.

23.     Unfortunately, but predictably, during the 2013-2014 school year Jason Toney continued grooming Plaintiff through one-on-one discussions at Wharton High School, through private phone calls and through long series of increasingly intimate text messages.

24.     Over time, the relationship between Jason Toney and Plaintiff developed to include holding hands, inappropriate touching and kissing.  This all occurred on the Wharton High School campus before, during and after regular school hours.

25.     Given the open and obvious relationship between Jason Toney and Plaintiff, many students, students' parents and at least two (2) additional Wharton Independent School District

officials took notice and reported their serious concerns about Jason Toney's clearly inappropriate relationship and contact with Plaintiff.

26.     In response, Wharton Independent School District officials again failed to take appropriate action to properly report or further investigate the relationship as required by law.

27.     During the 2013-2014 school year, another Wharton High School teacher was arrested on charges of an inappropriate relationship between an educator and student. The charges stemmed from allegations that the Wharton High School teacher had repeatedly sexually assaulted a student.

28.     Despite open and obvious signs, warnings and the complaints of several people both inside and outside of Wharton High School, the inappropriate relationship between Jason Toney and Plaintiff continued throughout Plaintiff's freshman year in high school.

29.     During the Spring Semester of Plaintiff's freshman year in high school - in February 2014, Jason Toney began to sexually assault Plaintiff in a classroom adjacent to the band hall on the Wharton High School campus.

30.     Jason Toney's sexual assaults of Plaintiff took place before, during and after school hours and most often took place in a secluded, unmonitored room where Jason Toney would lock the door while he assaulted Plaintiff.

31.     Jason Toney's repeated sexual assaults of Plaintiff continued throughout the remainder of the Spring Semester and well into the Fall Semester of the 2014-2015 school year – Plaintiff's sophomore year in high school.

32.  In November 2014, after receiving yet another report regarding the inappropriate teacher-student relationship between Jason Toney and Plaintiff, Wharton High School Principal Mark Anglin interviewed both Jason Toney and Plaintiff. Despite having actual knowledge of

6

the sexual assaults, the inappropriate, criminal teacher-student relationship between Jason Toney and Plaintiff that stretched back to the 2012-2013 school year and the requirements imposed by Texas and federal law, Principal Mark Anglin did little to nothing to investigate or report the illegal relationship.

33.     Principal Mark Anglin also failed to notify Plaintiff, a Minor's, Parents of the long list of credible information, his "investigation" or his knowledge of the sexual assault and inappropriate, criminal teacher-student relationship between their Minor Child and Defendant's adult teacher.

34.     Despite specific knowledge, Jason Toney continued in his role as Wharton High School Band Director without any limitations on the nature, scope or frequency of contact he was allowed to have with Plaintiff.  The predictable result was that Jason Toney repeatedly sexually assaulted Plaintiff for the remainder of 2014 and well into the Spring Semester of 2015.

35.     Finally, in April, 2015 – and only after receiving an avalanche of new anonymous tips regarding the inappropriate, criminal relationship Jason Toney had created, Defendant removed Jason Toney from the Wharton High School campus, contacted law enforcement and notified Plaintiff, a Minor's, Parents for the very first time about Jason Toney's criminal actions.

36.     On August 6, 2015, Jason Toney was arrested on eleven (11) counts of sexual assault of a child and five (5) counts of an improper relationship between an educator and a student based on his relationship with Plaintiff.

37.     On September 8, 2015, Jason Toney was sentenced to eight (8) years in the Texas Department of Criminal Justice based on four (4) counts of an improper relationship between an educator and a student based on his relationship with Plaintiff.

38.     Plaintiff, a Minor, has begun and continues to receive intensive psychological counseling and treatment for the harm caused by Defendant.

## CLAIMS FOR RELIEF

**A.     42 U.S.C. § 1983**

39.     Plaintiff hereby repeats and alleges paragraphs 1. through 38. and incorporates the same as if fully set forth herein.

40.     The Civil Rights Act of 1871, now codified as 42 U.S.C § 1983 as federal law provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the district of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

41.     The state action requirement for standing under 42 U.S.C. § 1983 is more commonly referred to as "color of state law," from the statute itself. Plaintiff is informed and believes, and thereupon alleges that in committing said acts and/or omissions, Jason Toney was the agent and employee of Defendant and was acting under color of state law.

42.     42 U.S.C. § 1983 requires that the conduct complained of must have deprived the person of some privilege or immunity by the Constitution or law of the United States. As such, Plaintiff alleges that Defendant deprived Plaintiff, a Minor, of her rights, privileges and immunities secured by the Fifth and Eighth Amendments to the Constitution incorporated and applied to the states through the Fourteenth Amendment. Defendant violated this provision, with respect to Plaintiff, a Minor, by the following actions and/or omissions:

a.      By using excessive force in sexually assaulting Plaintiff, a Minor, and by acting with deliberate indifference to the needs of Plaintiff, a Minor, which violated

8

Plaintiff's Eighth Amendment protections against cruel and unusual punishments; and

b.    By failing to intervene, where such intervention would have prevented the sexual assault of Plaintiff, a Minor.

Defendant violated this provision with respect to Plaintiff, a Minor, by the following acts and/or omissions:

a.    By using objectionable sexual contact or conduct.  Plaintiff therefore pleads that she, a Minor, was unlawfully assaulted and oppressed; and

b.    By failing to intervene, where such intervention would have prevented the sexual assault and oppression of Plaintiff, a Minor.

43.    Defendant's actions and/or omissions were "objectively unreasonable" in light of the facts and circumstances confronting it without regard to the underlying intent or motivation. Clearly, careful attention to the facts and circumstances of this particular case demonstrate the unreasonableness of Defendant's actions and inactions.  Defendant failed to install, maintain and enforce the proper procedures and measures to prevent the acts in question as a matter of policy, which allowed and caused the alleged events to occur.

44.    Qualified good faith immunity stands for the proposition that even though the civil rights of a complainant may have been violated, if the teacher or administrator engaged in the conduct in good faith, there is no liability for that individual.  The standard by which a teacher's or administrator's entitlement to good faith qualified immunity is judged is an objective, not a subjective, one and protects "all but the plainly incompetent or those who knowingly violate the law."  The determination of objective reasonableness must be based on a version of the facts most favorable to Plaintiff.  Questions of credibility are to be resolved by the fact-finder.  In the instant case, Plaintiff alleges Jason Toney, Patrick Parsons and Mark Anglin are not entitled to claim qualified good faith immunity as to any claims for relief or causes of

9

action plead in this document. Importantly, Jason Toney, Patrick Parsons and Mark Anglin never acted in good faith in his/their conduct because he/they knowingly violated Plaintiff's civil rights and was/were plainly incompetent. Any reason given by Jason Toney, Patrick Parsons or Mark Anglin for his/their unlawful actions and/or omissions does not warrant the application of qualified good faith immunity.

45.     Pursuant to 42 U.S.C. § 1983, Defendant's officials were policy makers for Wharton Independent School District which, while acting with deliberate indifference under color of state law, deprived Plaintiff, a Minor, of the rights privileges and immunities secured by the Constitution and laws of the United States. Defendant Wharton Independent School District is a local government body. A local government body is said to have an unconstitutional policy when it fails to train its employees, and the failure to train amounts to deliberate indifference to an obvious need for such training, and the failure will likely result in the employee making a wrong decision.

46.     Plaintiff's specific rights that were violated are set forth herein. Such rights were violated when Defendant, while acting with deliberate indifference to its incumbent duties, failed to properly fashion or to faithfully execute adequate policies to govern the hiring, training, supervision and discipline of teachers and/or principals. Defendant proximately caused Plaintiff, a Minor's, injuries and damages when it committed the following particular acts and/or omissions:

   a.     Failing to train and supervise its teachers and/or principals adequately concerning their interaction with students;

   b.     Failing to train school officials regarding the proper manner in which to investigate complaints concerning teachers.

c.   Failing to train and supervise its teachers and/or principals and/or school officials regarding the proper manner for reporting suspected child abuse and/or improper relationships between a district employee and a student;

d.   Failing to adequately supervise Jason Toney;

e.   Failing to adequately discipline Jason Toney for his unlawful use of force and sexual assaults/misconduct;

f.   Responding with deliberate indifference to substantial, credible evidence of teacher and/or Principal misconduct arising to the level of crime;

g.   Responding with deliberate indifference to substantial, credible evidence of teacher and/or Principal misconduct arising to the level of crime and failing to follow the procedures prescribed by law to deal with such misconduct; and/or

h.   Failing to establish adequate procedures for reviewing teacher and/or Principal performance, in general, and complaints involving allegations of sexual assault/misconduct by teachers in particular.

47.   Defendant, at all times pertinent, knew or should have known that Jason Toney was having an inappropriate relationship with Plaintiff. Defendant, through its administration and Band Director, as detailed above, created a dangerous environment for Plaintiff, a Minor. Principal Mark Anglin had actual knowledge of the sexual relationship between Jason Toney and Plaintiff – clearly indicating a deliberate indifference by Defendant. Plaintiff alleges that Principal Mark Anglin knew Plaintiff, a Minor, was being victimized by Jason Toney, as Principal Mark Anglin had received credible information along with his observations of improper activity regarding the inappropriate teacher-student relationship. As a Principal for Defendant, Mark Anglin was acting under the color of Defendant and with the authority of an administrator for Defendant.

48.   The acts and omissions of Defendant increased the likelihood of danger and physical harm to Plaintiff, a Minor, and allowed the creation of a dangerous environment, comprising a state-created danger in violation of the Fourteenth Amendment of the Constitution

11

of the United States, for which Plaintiff seeks recovery pursuant to 42 U.S.C. § 1983. Defendant and its Principal knew this created a dangerous environment for Plaintiff, and but for the wrongful exercise of Defendant's authority to create these dangers, Plaintiff, a Minor, would not have suffered the repeated sexual assaults at the hands of Jason Toney.

49.     Defendant failed to have policies, procedures, practices and customs to protect Plaintiff from a known and inherently dangerous situation, which violates the Fourteenth Amendment of the U.S. Constitution for which Plaintiff seeks recovery pursuant to 42 U.S.C. § 1983. This is further borne out by the arrest of other Wharton Independent School District teachers for similarly inappropriate teacher-student relationships involving the sexual assault of students.

50.     Defendant failed to have policies, practices and customs in place to assure staff was appropriately trained, so as to protect Plaintiff from a known and inherently dangerous situation, in violation of the U.S. Constitution for which Plaintiff seeks recovery pursuant to 42 U.S.C. § 1983. This failure to train its employees amounted to deliberate indifference to an obvious need for such training and the failure to train resulted in employees of Wharton Independent School District making numerous wrong decisions.

51.     Defendant's failure to have procedures, practices and customs in place to assure staff was correctly supervised, so as to protect Plaintiff, a Minor, from a known and inherently dangerous situation, violates the Fourteenth Amendment of the U.S. Constitution of the United States for which Plaintiff seeks recovery pursuant to 42 U.S.C. § 1983.

52.     Defendant, Jason Toney and Principal Mark Anglin, acting under the color of law and pursuant to Defendant's customs and policies, deprived Plaintiff, a Minor, of the rights and

12

privileges secured to her by the Fourteenth Amendment to the United States Constitution and by the other laws of the United States.

53.     Defendant, Jason Toney and Principal Mark Anglin further deprived Plaintiff, a Minor, of her right to life, liberty and bodily integrity guaranteed under the United States Constitution, for which Defendant is liable to Plaintiff pursuant to 42 U.S.C. § 1983.  The actions of Defendant were outrageous, malicious and otherwise morally culpable.

**B.     Title IX**

54.     Plaintiff hereby repeats and alleges paragraphs 1. through 53. and incorporates the same as if fully set forth herein.

55.     Defendant is, and has been at all times relevant to the facts giving rise to this cause, a regular recipient of federal funding.

56.     Defendant's failure to have policies, procedures, practices and customs in place to assure that Plaintiff, a Minor, was not a victim of harassment and sexual abuse based upon her gender and/or sexual assaults violated her rights pursuant to Title IX of the Education Amendments of 1971 (Title IX), 86 Stat. 373, as amended, 20 U.S.C. § 1681, *et seq.*

57.     The policies, practices, procedures and customs of Defendant and the supervision and implementation provided by its employees, were in violation of Title IX and resulted in discrimination, specifically sexual discrimination, against Plaintiff, a Minor.  Defendant and its employees were deliberately indifferent to the substantial harm that could befall Plaintiff, a Minor, by employing Jason Toney, failing to supervise Jason Toney, failing to investigate numerous reports regarding Jason Toney's improper relationship with Plaintiff, failing to train and educate employees properly on spotting improper relationships and how to report said relationships, failure to report suspected abuse, generally in failing to train Jason Toney in

regards to improper relations with students, and failing to investigate why Jason Toney would be allowed to repeatedly and suspiciously take a student into a locked classroom.

58.     Defendant acted through its teacher Jason Toney who, as a teacher and Band Director, is an agent for Defendant for purposes of Title IX.

59.     Defendant's Principal Mark Anglin had actual knowledge of Jason Toney's improper sexual relationship with Plaintiff, a Minor, through his own observations and by virtue of reports from other students, teachers and/or parents. Principal Mark Anglin was charged by Defendant with the responsibility to supervise the teachers and Band Director, including Jason Toney. Moreover, as Principal of Wharton Junior High School and then as Principal of Wharton High School, Principal Mark Anglin had the power and authority to take action that would have stopped further abuse of Plaintiff, a Minor. However, unfortunately, Principal Mark Anglin chose to do nothing.

60.     Principal Mark Anglin could have fully investigated Jason Toney, promptly reported the suspected abuse to law enforcement, promptly reported the suspected sexual abuse to the Texas Department of Protective and Family Services ("CPS"), promptly notified the Parents of Plaintiff, a Minor, taken disciplinary actions against Jason Toney and/or reported Jason Toney to his superiors and the Wharton Independent School District Board of Trustees. Again, instead, Principal Mark Anglin chose to do nothing.

61.     Jason Toney's actions towards Plaintiff, a Minor, were pervasive, severe and objectively offensive, and deprived Plaintiff of the value and benefit of her education. Pursuant to Title IX, Plaintiff seeks damages for her extreme physical, emotional and psychological losses resulting from the sexual assaults, harassment and improper advances committed upon her.

14

62.     Defendant acted through its teacher and Band Director Jason Toney and school Principal Mark Anglin who are agents for Defendant for purposes of Title IX.  Knowledge of sexual harassment by a Principal is sufficient to establish knowledge on the part of the school district.

C.     **Assault and Battery**

63.     Plaintiff hereby repeats and alleges paragraphs 1. through 62. and incorporates the same as if fully set forth herein.

64.     As a pendent state cause of action, at all times material and relevant herein, Defendant, by acts and/or omissions and under color of state law did then and there by acts and/or omissions, intentionally, knowingly and/or recklessly cause severe personal injury to Plaintiff, a Minor, through sexual contact with Plaintiff, a Minor.

65.     Under Texas law, the cause of action for offensive sexual conduct is simply one for assault and battery.  Consequently, Plaintiff, a Minor, alleges that Defendant committed an assault and battery upon Plaintiff.  Said conduct of Defendant was committed intentionally, knowingly and/or recklessly and was the proximate cause of the personal injuries and emotional injuries of Plaintiff, a Minor.  Said injuries were the direct and immediate consequence of Defendant's wrongful acts, and a natural and direct result of the assault and battery.

66.     Defendant committed an assault and battery upon Plaintiff, a Minor, by intentionally and/or knowingly causing physical sexual contact with Plaintiff, a Minor.  Defendant knew or should have reasonably believed that Plaintiff, a Minor, would regard the contact as offensive and/or provocative.  Defendant knew or should have known that the acts, as previously described, were provocative, harmful and/or offensive to Plaintiff, a Minor.  Said acts of Defendant were committed intentionally, knowingly and/or recklessly, and they were the

15

proximate cause of bodily and emotional injuries to Plaintiff, a Minor.  Furthermore, said injuries were the direct and immediate consequence of Defendant's tortious acts and a natural and direct result of the sexual conduct.

67.     At no time was Defendant privileged to take the action described herein as necessary.  Moreover, Defendant's assault and battery of Plaintiff, a Minor, was not objectively reasonable.

**D.      Negligence and Negligence *Per Se***

68.     Plaintiff hereby repeats and alleges paragraphs 1. through 67. and incorporates the same as if fully set forth herein.

69.     Defendant is liable for negligence and negligence *per se* resulting from the manner in which it handled the events made the basis of this lawsuit and set forth in this Complaint.

70.     Defendant is liable for the negligent hiring, supervision, training and retention of Jason Toney.  Defendant owed Plaintiff, a Minor, a duty to hire, supervise, train and retain competent employees.  Defendant breached those duties with respect to Jason Toney, as it failed to adequately investigate his background which would have revealed the type of offensive and deviant conduct that he plied on Plaintiff, a Minor.  Further, Defendant breached those duties when it failed to adequately supervise, train and retain Jason Toney.  Defendant's breaches of its duties to hire, supervise, train and retain competent employees proximately caused Plaintiff, a Minor's, injuries and damages.

**E.      Intentional Infliction of Emotional Distress**

71.     Plaintiff hereby repeats and alleges paragraphs 1. through 70. and incorporates the same as if fully set forth herein.

16

72.     In the sexual assault of Plaintiff, a Minor, Defendant acted intentionally and/or recklessly, and its conduct was so outrageous in character and extreme in degree that it went beyond all possible bounds of decency.  Defendant's actions constituted outrageous conduct because it knowingly abused its position of authority and knew that Plaintiff, a Minor, was particularly susceptible to emotional distress.  Such conduct by Defendant proximately caused Plaintiff's emotional distress, which was severe, as the acts caused her embarrassment, fright, horror, grief, shame, humiliation and worry.

## CONDITIONS PRECEDENT

73.     Plaintiff asserts that all conditions precedent to filing suit have occurred.

## DEMAND FOR JURY TRIAL

74.     Plaintiff hereby demands a trial by Jury on all her causes of action in this Cause.

## DAMAGES

75.     As a direct and proximate result of the occurrence made the basis of this lawsuit and the unlawful and wrongful acts of Defendant, Plaintiff was caused to suffer irreparable physical and emotional injury.  In addition to raising awareness and protecting other girls, Plaintiff seeks recovery of the following damages.

a.      Reasonable medical care and expenses in the past and those that will be reasonably and necessarily incurred in the future;

b.      Physical and mental pain and anguish in the past;

c.      Physical and mental pain and anguish in the future;

d.      Attorneys' fees, both reasonable and necessary through trial and appeal to the highest level pursuant to 42 U.S.C. §1983 and Title IX;

e.      Costs of Court;

f.      Punitive and/or exemplary damages to the extent allowed by law, as found by the trier of fact; and

g.      All other relief at law or equity to which Plaintiff shows herself to be justly entitled.

WHEREFORE PREMISES CONSIDERED, Plaintiff Jane Doe  by and through her Next Friends and Parents Karen Mendoza and Michael Mendoza prays that Defendant Wharton Independent School District be cited to appear and answer herein, and that upon a final hearing of the Cause, judgment be entered for Plaintiff against Defendant, for damages in an amount within the jurisdictional limits of the Court; together with prejudgment interest from the date of injury through the date of judgment at the maximum rate allowed by law; post judgment interest at the legal rate, costs of Court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**CHAVES, OBREGON & PERALES, L.L.P.**
802 N. Carancahua, Suite 2100
Corpus Christi, Texas  78401
(361) 884-5400
(361) 884-5401 (Facsimile)

By:  /s/ Rene Luis Obregon
        RENE LUIS OBREGON
        State Bar No. 24005445
        Southern District Federal I.D. No. 33188
        robregon@coplawfirm.com
        AIDAN PERALES
        State Bar No. 24027604
        Southern District Federal I.D. No. 27471
        aperales@coplawfirm.com

and

**THE LAW OFFICE OF MARC CERVANTES, PLLC**
802 N. Carancahua, Suite 2100
Corpus Christi, Texas  78401
(361) 884-5400
(361) 884-5401 (Facsimile)

By:  /s/ G. Marc Cervantes
        G. MARC CERVANTES
        State Bar No. 24055284
        Southern District Federal I.D. No. 705936
        gmcervantes@att.net

**ATTORNEYS FOR PLAINTIFF**

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| | |
|---|---|
| JANE DOE, by and through her NEXT FRIENDS and PARENTS KAREN AND MICHAEL MENDOZA <br><br> *Plaintiff(s)* <br><br> v. <br><br> WHARTON INDEPENDENT SCHOOL DISTRICT <br><br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Wharton Independant School District, Superintrendent Tina Herrington, 2100 N. Fulton St., Wharton, Texas 77488

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Chaves Obregon & Perales L.L.P. c/o Rene L. Obregon, 802 N. Carancahua, Suite 2100, Corpus Christi, Texas 78401

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:   02/12/2016  _____

_____
*Signature of Clerk or Deputy Clerk*