Case 2:16-cv-00048   Document 12   Filed in TXSD on 05/06/16   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
May 06, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JANE DOE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-00048 |
| | § | |
| WHARTON INDEPENDENT SCHOOL DISTRICT, | § | |
| | § | |
| Defendant. | § | |

# ORDER

Plaintiff, a minor suing by and through next friends, filed this action against Wharton Independent School District (WISD), alleging causes of action related to sexual assaults by a teacher. In particular, she alleged claims for relief under 42 U.S.C. § 1983 for violation of her Fifth, Eighth, and Fourteenth Amendment rights, sexual discrimination under Title IX, assault and battery, negligence and negligence per se, and intentional infliction of emotional distress. D.E. 1. WISD has filed its motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), seeking dismissal of each of the causes of action and of the claim for punitive damages. D.E. 4. For the reasons set out below, the motion is GRANTED IN PART and DENIED IN PART.

**A. Jurisdictional Challenge: State Law Claims**
 **(assault and battery, negligence and negligence per se, intentional infliction of emotional distress, and punitive damages)**

WISD's jurisdictional challenge under Rule 12(b)(1) is addressed solely to the state law claims. WISD contends that the claims are barred by governmental immunity, which it enjoys as a public school district. This immunity bars all tort claims other than

those involving injuries resulting from the use of a motor vehicle—a limited statutory waiver of that immunity.  In her response (D.E. 7, pp. 10-11), Plaintiff states an intention to amend her complaint, dismissing all state law claims, including those for punitive damages.  The Court interprets this response as a representation of no opposition to the relief sought under Rule 12(b)(1).  Therefore, the Court DISMISSES Plaintiff's state law claims for assault and battery, negligence and negligence per se, intentional infliction of emotional distress, and request for punitive damages.

### B. Standard of Review for 12(b)(6) Challenges

The test of pleadings under Rule 12(b)(6) is devised to balance a party's right to redress against the interests of all parties and the court in minimizing expenditure of time, money, and resources devoted to meritless claims.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Furthermore, "Pleadings must be construed so as to do justice."  Rule 8(e).  The requirement that the pleader show entitlement to relief requires "more than labels and conclusions[;] a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Factual allegations are required, sufficient to raise the entitlement to relief above the level of mere speculation.  *Twombly*, 550 U.S. at 555.  Those factual allegations must then be taken as true, even if doubtful.  *Id*.  In other words, the pleader must make allegations that take the claim from conclusory to factual and beyond possible to plausible.  *Id.*, 550 U.S. at 557.  The *Twombly* court stated, "[W]e do not require

heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 570.

The Supreme Court, elaborating on *Twombly*, stated, "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. In dismissing the claim in *Iqbal*, the Court stated, "It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth." 556 U.S. at 681.

### C. 42 U.S.C. § 1983
### (Fifth, Eighth, and Fourteenth Amendment claims)

The Civil Rights Act, 42 U.S.C. § 1983 provides a remedy for the violation of federal rights consistent with the breadth of the Fourteenth Amendment's reach to state actors. *Lynch v. Household Finance Corp.*, 405 U.S. 538, 544 (1972). Section 1983 does not create substantive rights but is rather a procedural rule that provides a private cause of action for redressing a violation of federal law. Therefore, an underlying constitutional or statutory violation is a predicate to any theory of liability under § 1983. *E.g., Johnston v. Harris Cty. Flood Control Dist.*, 869 F.2d 1565, 1574 (5th Cir. 1989).

Plaintiff's complaint (D.E. 1) mentions the Fifth, Eighth, and Fourteenth Amendments. However, she does not articulate how those specific constitutional provisions create liability for WISD's conduct. Despite WISD's specific challenges to

the application of each of those Amendments, Plaintiff's response contains no mention of the Fifth or Eighth Amendments.

The Court holds that Plaintiff's complaint is—at best—conclusory and is insufficient to survive the Rule 12(b)(6) challenge to any theory involving the Fifth and Eighth Amendments. *Twombly, supra*. The Court further notes that it is well-settled that the Eighth Amendment, ordinarily applicable to those who are detained, institutionalized, or imprisoned, does not apply to school settings. "We decline to hold that compulsory attendance laws alone create a special relationship giving rise to a constitutionally rooted duty of school officials to protect students from private actors." *Doe v. Hillsboro Indep. Sch. Dist.*, 113 F.3d 1412, 1415 (5th Cir. 1997) (en banc). The Court DISMISSES any claims predicated upon the Fifth and Eighth Amendments.

The theory that Plaintiff does articulate is the state-created danger theory, which is based upon the substantive due process rights of the Fourteenth Amendment. *E.g., Morin v. Moore*, 309 F.3d 316, 319 (5th Cir. 2002). "The Due Process Clause of the Fourteenth Amendment confers upon an individual the right to be free of state-occasioned damage to her bodily integrity . . . ." *Randolph v. Cervantes*, 130 F.3d 727, 730 (5th Cir. 1997). WISD has challenged Plaintiff's use of this theory because the Fifth Circuit has not recognized it as a viable theory in this jurisdiction and because Plaintiff cannot establish municipal liability against WISD.

Plaintiff responds that the Fifth Circuit impliedly recognized the state-created danger claim in *Scanlan v. Texas A&M University*, 343 F.3d 533, 537–38 (5th Cir. 2003). This interpretation was expressly rejected by the Fifth Circuit en banc:

> Despite the potential confusion created by *Scanlan* and *Breen*, recent decisions have consistently confirmed that "[t]he Fifth Circuit has not adopted the 'state-created danger' theory of liability." *Kovacic v. Villarreal*, 628 F.3d 209, 214 (5th Cir. 2010); *see also Bustos v. Martini Club, Inc.*, 599 F.3d 458, 466 (5th Cir. 2010) ("[T]his circuit has not adopted the state-created danger theory.").
>
> We decline to use this en banc opportunity to adopt the state-created danger theory in this case because the allegations would not support such a theory.

*Doe v. Covington Cty. Sch. Dist.*, 675 F.3d 849, 865 (5th Cir. 2012).

This Court, writing in a Rule 12(b)(6) context, must recognize that the Fifth Circuit's decisions not to adopt the state-created danger theory are not equivalent to an outright rejection of the theory. Therefore, it cannot be said at this juncture that use of the theory is precluded. *Kemp v. City of Houston*, No. CIV.A. H-10-3111, 2013 WL 4459049, *5 (S.D. Tex. Aug. 16, 2013) ("it is appropriate for district courts to entertain the theory even though the Fifth Circuit has not adopted it").

In its review of cases advancing the theory, the Fifth Circuit has articulated the elements the Plaintiff must plead in order to state a claim under the state-created danger theory.

> A state-created danger theory requires (1) "th[at] defendants used their authority to create a dangerous environment for the plaintiff" and (2) "that the defendants acted with deliberate indifference to the plight of the plaintiff." *Covington*, 675 F.3d at 865 (quoting *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 537–38 (5th Cir. 2003)).
>
> > The second element is then subdivided into three prongs, which combine to subsume the first original element, specifically, a plaintiff would have to show that "(1) the environment created by the state actor is

> dangerous, (2) the state actor must know it is dangerous (deliberate indifference), and (3) the state actor must have used its authority to create an opportunity that would not otherwise have existed for the third party's crime to occur."
>
> *Dixon* [*v. Alcorn Cnty. Sch. Dist.*], 499 Fed. Appx. [364,] 366–67 & n.3 [(5th Cir. 2012)]; *Piotrowski v. City of Houston*, 237 F.3d 567, 585 (5th Cir. 2001).

*Estate of Lance v. Lewisville Indep. Sch. Dist.*, 743 F.3d 982, 1002 (5th Cir. 2014).

We assume without deciding that Plaintiff's factual allegations could satisfy these elements of the state-created danger claim if her state actor were the school's principal. However, her obstacle is the § 1983 requirement that suit against a governmental entity—WISD—may not be based on respondeat superior but on that entity's own conduct, evidenced in its policies. Discussing the history of § 1983, the Supreme Court found, "Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. Dep't of Social Services*, 436 U.S. 658, 691 (1978).

WISD argues that as a matter of law its policy-maker is, and is only, its Board of Trustees. Tex. Educ. Code Ann. § 11.151; *Jett v. Dallas Indep. School Dist.*, 7 F.3d 1241, 1245 (5th Cir. 1993). School principals are excluded from consideration as district policy-makers. *Jett, supra* at 1245 (eliminating consideration of superintendent as policy-maker under prior law); *Teague v. Texas City Indep. School Dist.*, 386 F. Supp. 2d 893, 896 (S.D. Tex. 2005) (eliminating principal, teachers, and other staff members of high school as policy-makers), *aff'd,* 185 Fed. App'x 355 (5th Cir. 2006). Thus the conduct of the principal and vice-principal in this case does not create WISD liability

without separate facts going to the District's knowledge and danger-creating policies. The Court DISMISSES Plaintiff's state-created danger claim against WISD for failure to plead sufficient facts to trigger municipal liability.

Plaintiff's citation of *Doe v. Taylor Indep. School Dist.*, 15 F.3d 443, 456 (5th Cir. 1994) is unavailing. The discussion regarding the analogous facts of that case and the conclusion that the supervisory school employees' knowledge and deliberate acts adequately supported liability all went to the issue of the liability of those individuals—not that of the school district. And while Plaintiff is correct that a failure to train employees can serve as conduct triggering liability against a municipality,[1] that liability depends upon the pleading and proof of specific elements.

> To plead a plausible failure-to-train claim, a plaintiff must allege facts that allow the court to draw the reasonable inference that (1) the municipality's training procedures were inadequate; (2) the municipality was deliberately indifferent in adopting its training policy; and (3) the inadequate training policy directly caused the constitutional violation.

*Saenz v. City of El Paso*, No. 15-50467, 2016 WL 537078, *3 (5th Cir. Feb. 10, 2016).

Plaintiff's factual allegations do not address any of WISD's training procedures, any Board of Trustee's knowledge that would amount to deliberate indifference, or a direct causal relationship between training and the conduct by which Plaintiff was harmed. Any § 1983 allegations against WISD are thus conclusory and more closely resemble an action based upon respondeat superior action, which is not permitted. The Court DISMISSES Plaintiff's claims of failure to train.

---

[1] Plaintiff relies on *City of Canton v. Harris*, 489 U.S. 378 (1989) and *Gold v. City of Miami*, 151 F.3d 1346 (11th Cir. 1998).

Having reviewed each of Plaintiff's constitutional claims and the requirements for stating a claim against WISD based upon municipal liability, the Court DISMISSES each of Plaintiff's § 1983 claims.

### D. Title IX (sexual discrimination)

Last, Plaintiff has alleged that the sexual abuse she endured constitutes sexual discrimination in violation of Title IX.  20 U.S.C. § 1681(a).  WISD challenges this theory on the basis of the sufficiency of Plaintiff's factual allegations.  In particular, the claim requires allegations that a school district employee with supervisory power over the offending employee had actual notice of the harassment and responded with deliberate indifference.  *Gebser v. Lago Vista Indep. School Dist.*, 524 U.S. 274, 290 (1998).  There is no question that Principal Mark Anglin had supervisory authority over teacher Jason Toney.  There is no dispute raised by the parties that sexual abuse constitutes sexual discrimination.  The only argument is whether the principal had actual knowledge and responded with deliberate indifference.

Plaintiff's allegations raise significant questions regarding widespread concern over the apparent relationship between Toney and Plaintiff and efforts, including complaints and tips, seeking to get Principal Anglin to take action to protect Plaintiff.  There are allegations that Principal Anglin's response was too little, too late and failed to even notify Plaintiff's parents of the suspicions of abuse.  WISD's challenge imposes too high a burden on the necessary specificity of factual allegations under Rule 12.  These

allegations raise a plausible Title IX claim and the Court DENIES WISD's request to dismiss them.

## CONCLUSION

For the reasons set out above, WISD's motion to dismiss (D.E. 4) is GRANTED IN PART. The Court DISMISSES Plaintiff's state law claims of assault and battery, negligence and negligence per se, and intentional infliction of emotional distress, along with her claim for punitive damages. The Court also DISMISSES Plaintiff's § 1983 claims. The motion is DENIED IN PART and Plaintiff is permitted to proceed on her Title IX claim.

Plaintiff included in her response (D.E. 7) a request for leave to amend should this Court find any of her pleadings inadequate. The request was not accompanied by any information regarding the nature of a proposed amendment that would not be futile. A court need not grant a motion for leave to amend where the movant fails to specify what amendment is desired and how it would cure its pleading defects. *United States ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 387 (5th Cir. 2003). When seeking to amend, the movant must set forth "with particularity the grounds for the amendment and the relief sought." *Id*. A "bare request in an opposition in a motion to dismiss" absent any particular grounds is inadequate. *Id*. Plaintiff's request for leave to amend is DENIED.

ORDERED this 6th day of May, 2016.

                                                                                                            _____
                                                                                                            NELVA GONZALES RAMOS
                                                                                                            UNITED STATES DISTRICT JUDGE