UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JANE DOE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-48 |
| | § | |
| WHARTON INDEPENDENT SCHOOL DISTRICT, | § § | |
| | § | |
| Defendant. | § | |

# ORDER

Plaintiff, Jane Doe, filed this action against Defendant Wharton Independent School District (WISD), complaining that WISD had actual notice of a teacher's sexual harassment and assaults on her and was deliberately indifferent in violation of Title IX, 20 U.S.C. § 1681(a).  *See* First Amended Complaint, D.E. 22.  Now before the Court are the following:

- WISD's Motion to Exclude Plaintiff's Expert, John R. Gratto, Ed.D. (D.E. 33/34), with Doe's Response (D.E. 48); and

- Doe's Motion to Strike and Exclude David P. Thompson, Ph.D. (D.E. 37), with WISD's Response (D.E. 46).

For the reasons set out below, the Court DENIES the respective motions to exclude experts.

## DISCUSSION

WISD challenges the expert testimony of John R. Gratto, Ed.D. (Dr. Gratto) as lacking reliable principles and methods and as including legal conclusions.  D.E. 33/34.

In particular, WISD complains that Dr. Gratto analyzed WISD's knowledge of its employee's conduct using hindsight rather than what WISD could discern at the time of the events at issue—a defect in methodology. It also complains that Dr. Gratto is concerned with the wrong issue—the standards for implementing Title IX policies rather than deliberate indifference to a report of sexual harassment or abuse.

Doe challenges the expert testimony of David P. Thompson, Ph.D. (Dr. Thompson), arguing that Dr. Thompson is not properly qualified, does not testify as to a scientific analysis, and engages in legal opinions. D.E. 37. More specifically, Doe complains that Dr. Thompson's opinions involve unsubstantiated assumptions, speculation, and subjective interpretations. Doe states that Dr. Thompson offers no appropriate scientific expertise to assist the jury on the issues of this case.

After reviewing the materials of both experts, the Court concludes that both invade the province of the jury in opining regarding the ultimate fact questions of whether WISD had actual knowledge of the teacher's alleged violations of Title IX and whether WISD acted with deliberate indifference with respect to what it knew. Both experts also invade the province of the Court in opining as to the legal requirements of Title IX. The question for the Court, then, is whether the experts have any special knowledge that can assist the jury.

In a Title IX case involving bullying, the Fifth Circuit addressed the use of expert testimony that was helpful, falling between the provinces of the jury and the court. *Estate of Lance v. Lewisville Indep. Sch. Dist.*, 743 F.3d 982, 998-1000 & n.13 (5th Cir. 2014). It discussed with approval the use of experts to establish standards of care in

education that informed the decisions regarding (a) how much notice of a problem is actual knowledge triggering a duty to respond, and (b) what measure of response is deemed calculated to have an impact on the problem.  Without testifying as to ultimate facts or legal conclusions, educational experts can address these standards of care for remedying the problems that Title IX was formulated to address.

This expertise can help the jury determine whether a school's response is ineffective or inadequate under the circumstances.  Noting that "school districts are afforded flexibility in responding to unacceptable behavior and may tailor their responses to the circumstances," the Fifth Circuit rejected a strict liability concept, stating:

> If, however, a school district consciously avoids confronting harassment or responds to harassment in another clearly unreasonable manner, which courts have equated with pretextual or knowingly ineffective interventions, then it may be found to have discriminated against the harassed student. Because the record evidences a pattern of active responses by the School District to incidents involving Montana, no such discriminatory intent against Montana and his disability may be imputed to the School District.

*Id*. at 1000.  Expert testimony regarding how schools effectively approach Title IX discrimination can be helpful to the jury.  *See also, Maher v. Shipping Co*., 68 F.3d 951, 954 (5th Cir. 1995) (quoting *Gluck v. Unisys Corp*., 960 F.2d 1168, 1177 (3rd Cir. 1992) regarding the use of expert testimony to inform the determination of actual knowledge with respect to regulated transactions).

The Court has reviewed the objections to Dr. Thompson's qualifications as an expert and the objections are OVERRULED.  Therefore, both experts may testify as to their respective opinions on school standards of care for implementing Title IX and anti-

discrimination policies. Until the parties file appropriate motions in limine, the Court does not rule on specific testimony that should be excluded as outside the limited sphere of issues on which expert testimony is admissible.

ORDERED this 9th day of March, 2017.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE